NUMBER 13-99-223-CV



COURT OF APPEALS



THIRTEENTH DISTRICT OF TEXAS



CORPUS CHRISTI


___________________________________________________________________


MARICELA V. MARTINEZ
, Appellant,


v.



GUILLERMO MARTINEZ
, Appellee.

___________________________________________________________________


On appeal from the 103rd District Court


of Cameron County, Texas.


____________________________________________________________________


O P I N I O N



Before Chief Justice Seerden, and Justices Hinojosa and

Kennedy(1)

Opinion by Justice Kennedy





 This case involves a suit for divorce in which the divorce was
granted and orders were entered, including an order for partition of the
community property. The appeal is from an order of the trial court
appointing a receiver to take charge of and sell real estate belonging to
the parties jointly and subsequent orders for the payment of taxes and
receiver's fees by appellant. In the order for appointment of the receiver
to sell the property, the judge makes a finding that "the decree of
divorce entered in this cause is not clear as to the appropriate time for
the sale of the property." 

 Appellant's brief presents four issues which, together, challenge
the authority (jurisdiction) of the trial court to modify the terms of the
original decree approximately fourteen months after the original decree
was entered. The relief sought is that the orders of the trial court be
reversed. No other brief has been filed in opposition to appellant's brief. 


 The issues raised in this appeal are governed by the family code,
to wit:

§9.006 Enforcement of Division of Property


 (a) except as provided by this subchapter and by the
Texas Rules of Civil Procedure, the court may render further
orders to enforce the division of property made in the decree
of divorce or annulment to assist in the implementation of or
to clarify the prior order. (Emphasis added)


 (b) the court may specify more precisely the manner of
affecting the property division previously made if the
substantive division of property is not altered or changed.


 (c) an order of enforcement does not alter or affect the
finality of the decree of divorce or annulment being enforced. 





§9.007 Limitation on Power of Court to Enforce


 (a) a court may not amend, modify, alter, or change the
division of property made or approved in the decree of
divorce or annulment. An order to enforce the division is
limited to an order to assist in the implementation of or to
clarify the prior order and may not alter or change the
substantive division of property.


 (b) an order under this section that amends, modifies,
alters, or changes the actual, substantive division of property
made or approved in a final decree of divorce or annulment
is beyond the power of the divorce court and is
unenforceable. (emphasis added)


 (c) the power of the court to render further orders to
assist in the implementation of or to clarify the property
division is abated while an appellate proceeding is pending.


Tex. Fam. Code Ann. §§ 9.006, 9.007 (Vernon 1998)

 The final decree of divorce herein, under the provision "division of
property," stated "upon sale of the [homestead] petitioner, Marisela V.
Martinez shall receive 50 percent of the sale proceeds" and "upon sale
of the [homestead] respondent, Guillermo Martinez shall receive fifty
percent of the sale proceeds less any monies owed to his parents for
monies previously advanced to Guillermo Martinez and/or Marisela V.
Martinez." No more was said about the division of the real estate or the
sale thereof. We hold that the trial court had the authority by virtue
of section 9.006 supra to order the property sold and, of necessity, to
provide for a neutral party to effectuate the sale. Because it is not
reasonable to expect a third party, designated as receiver, to serve
without pay, we hold that the authority granted the trial court by
section 9.006 extends to authorize the awarding of a fee for the
receiver's services.

 We further hold that the delinquent property taxes on the real
estate constitute a lien on the real estate and, because, in order to sell
real property, it is necessary to remove all liens against the property, the
order that petitioner, Marciela Martinez, pay these delinquent taxes is
an order "to assist in the implementation, and to clarify a prior order."(2)

 Therefore, we deny the relief sought by appellant. We AFFIRM the
judgments of the trial court, specifically the judgments entered on
September 10, 1998, November 25, 1998, and March 4, 1999.

 NOAH KENNEDY

 Justice



Do not publish.

Tex. R. App. P. 47.3.



Opinion delivered and filed

this the 10th day of August, 2000.

 

1. Retired Justice Noah Kennedy assigned to this Court by the Chief
Justice of the Supreme Court of Texas pursuant to Tex. Gov't Code Ann.
§ 74.003 (Vernon 1998).

2. Petitioner has had possession of the house since the original
divorce decree.